UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KEITH THEARD                                CIVIL ACTION

VERSUS                                      NO: 11-2293

ANKOR ENERGY, LLC                           SECTION: R

**ORDER AND REASONS**

Before the Court is defendant Ankor Energy's motion for summary judgment. Finding no genuine factual issues in dispute that necessitate a trial, the Court grants Ankor's motion.

**I.   BACKGROUND**

Plaintiff Keith Theard was injured when a multi-stationed weight training machine called the "Cal Gym" fell on top of him while he was using the machine. The equipment consisted of a metal frame supporting four stacks of weights totaling 730 pounds, and various pulleys and cables used to lift the weights. At the time of the accident, it was located in a workout room on Ankor's offshore platform. Ankor purchased the platform in 2008 from another company, and the Cal Gym was included with the purchase. Plaintiff, an employee of Trinity Catering, Inc., sued Ankor on August 2, 2011, asserting claims under La. C.C. art.

2315 and 2317.1. Defendant now moves for summary judgment.[1]
Plaintiff opposes the motion.[2]

## II. STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

---

[1] R. Doc. 24.

[2] R. Doc. 29.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence [that] would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

**A.   Choice of Law**

The Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, *et seq.*, applies to this dispute because plaintiff was injured on a fixed platform located on the Outer Continental Shelf, off the Louisiana coast. The OCSLA directs the Court to apply the law of the state adjacent to the controversy to the extent that it is not inconsistent with other federal laws and regulations. *See* 43 U.S.C. § 1333(a)(2)(A); *Rodrigue v. Aetna Cas. and Sur. Co.*, 395 U.S. 352, 355 (1969). The parties have not cited, and the Court has not found, any federal law that conflicts with the Louisiana custodial liability and negligence principles that apply here. Accordingly, the Court applies Louisiana law to this dispute.

**B.   Custodial Liability Under Civil Code Article 2317.1**

Theard asserts that Ankor Energy is liable under a theory of custodial liability under Louisiana Civil Code Article 2317, *et seq.*, which imposes liability for damage "caused by the act of persons for whom we are answerable, or of the things which we have in our custody." La. C.C. art. 2317. In 1996, the Louisiana legislature adopted Article 2317.1, which eliminated Article

4

2317's imposition of strict liability and provided that "the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage." La. C.C. art. 2317.1. *See also Coulter v. Texaco, Inc.*, 117 F.3d 909, 913 n.8 (5th Cir. 1997) (recognizing the change in the law); *Hughes v. Pogo Producing Co.*, 2009 U.S. Dist. LEXIS 10805, at *20-21 n.4 (W.D. La. 2009) (noting that Louisiana courts construe the requirement of actual or constructive knowledge to have eliminated most instances of strict liability).

In order to prevail on a custodial liability claim, a plaintiff must demonstrate: "(1) the object was in the defendant's custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect." *Cormier v. Dolgencorp, Inc.*, 136 Fed. Appx. 627, 627-28 (5th Cir. 2005) (citing La. C.C. arts. 2317 and 2317.1). Thus, "the mere showing that a defect existed which caused injury will be insufficient to carry the burden of proof." *Girard v. Brandt Energy Envtl.*, 2008 U.S. Dist. LEXIS 122573, at *12 n.5 (W.D. La. 2008) (citing *Webre v. Alton Ocshner Med. Found. Hosp.*, 759 So. 2d 146, 149 (La. App. 5th Cir. 2000)).

5

In this case, plaintiff contends that defendant had knowledge of a defect in the Cal Gym because it knew that this exercise equipment was not anchored to the floor and/or wall, which would have prevented the Cal Gym from falling over.[3] Ankor, while admitting that it knew the Cal Gym was not anchored, disagrees with plaintiff's characterization of the knowledge requirement. It contends instead that liability does not attach unless plaintiff shows that Ankor knew or should have known of the dangerous condition itself, namely, that the Cal Gym had a propensity to tip over because it was not anchored.[4] The Court finds the latter construction to be the correct one. When the Louisiana legislature adopted Article 2317.1, it eliminated Article 2317's imposition of strict liability upon the custodians of defective products and replaced it with a negligence requirement. *See, e.g., Burmaster v. Plaquemines Parish Gov't*, 982 So. 2d 795, 799 (La. 2008) ("[W]ith its adoption of [Article 2317.1] to require knowledge or constructive knowledge, the Legislature effectively eliminated strict liability under Article 2317, turning it into a negligence claim.") (internal quotation marks omitted); *Broussard v. Voorhies*, 970 So. 2d 1038, 1042 (La. App. 1st Cir. 2007) (noting that liability under Article 2317.1 is "predicated upon a finding of negligence"). Under Theard's

---

[3]     R. Doc. 29 at 12.

[4]     R. Doc. 37 at 10.

reading, however, Ankor would be liable simply by virtue of its knowledge *of* a particular aspect of the exercise equipment (that the Cal Gym was not anchored to the floor), rather than its knowledge *that* the condition posed a risk of harm (that the Cal Gym risked tipping over without proper anchoring). For the Court to read the knowledge requirement as Theard does would be to reimpose the outdated strict liability standard and hold Ankor responsible, even absent any fault on its part. The Court will not do so.

Theard stresses next that even under Ankor's construction of the 2317.1 standard, Ankor had *constructive* knowledge of the defect. "The concept of constructive knowledge under La. C.C. art. 2317.1 imposes a reasonable duty to discover *apparent* defects in the thing in the defendant's *garde* or legal custody." *Broussard*, 970 So. 2d at 1045 (emphasis added) (citing *Johnson v. Entergy Corp.*, 827 So. 2d 1234, 1238 (La. App. 2nd Cir. 2002)). Here, plaintiff has not offered admissible evidence raising an issue of fact that the absence of anchoring was an apparent defect about which Ankor should have known.[5] Indeed, Ankor's

---

[5] The only proffered evidence supporting plaintiff's argument is that after Theard's accident, Ankor anchored the Cal Gym to the floor. Federal Rule of Evidence 407 states that evidence of subsequent remedial measures is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction. But, a court "may admit this evidence for another purpose, such as impeachment or – *if disputed* – proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407 (emphasis added). In

industry expert found no evidence that the machine was intended by the manufacturer to be anchored,[6] nor did plaintiff offer any such evidence.[7] In fact, plaintiff even testified that in his experience, similar equipment typically is *not* secured to the floor.[8] Further, the record evidence indicates that the Cal Gym was regularly used, yet never caused problems.[9] Theard himself testified that he used the Cal Gym 3-4 times per week for almost a year without incident and without fear that it would tip over.[10] Both the platform superintendent and the safety manager testified that no incidents concerning improper functioning of the Cal Gym were reported before Theard's accident.[11] Given this regularity of use, lack of earlier incidents, and lack of evidence that the machine was designed to be anchored, the Court

---

this case, there is no dispute as to any issue that would render the evidence admissible; Ankor admits ownership of the Cal Gym, control of the same, and the feasibility of anchoring it to the floor. *See, e.g., Rutledge v. Harley-Davidson Motor Co.*, 364 Fed. Appx. 103, 106 (5th Cir. 2010) (upholding district court's grant of summary judgment when recall notices, inadmissible under Rule 407, were the only evidence offered to establish the existence of a defect).

    [6]    R. Doc. 24-8 at 4.

    [7]    R. Doc. 24-5 at 3, 7-8.

    [8]    *Id.* at 7-8.

    [9]    R. Doc. 24-5 at 5-6; 24-7 at 10.

    [10]    R. Doc. 24-5 at 3-6.

    [11]    R. Doc. 24-9; 24-10.

finds as a matter of law that Ankor did not have constructive knowledge of a defect with the Cal Gym. *See Cormier*, 136 Fed. Appx. at 628 (plaintiff failed to demonstrate that owner had actual or constructive knowledge of hazardous condition when plaintiff "produced no documentation of previous accidents, nor did she introduce any affidavit or deposition testimony of store employees that they knew a defect existed, nor did she acquire any other evidence that may have demonstrated constructive or actual knowledge"); *Shuff v. Brookshire Grocery Co.*, 32 So. 3d 1030, 1033 (La. App. 2d Cir. 2010) (finding constructive knowledge "unprovable," given that (1) no employee had direct knowledge of a problem with a defective child seat belt strap in a grocery cart, and (2) the snap properly functioned immediately before the accident when plaintiff placed her child in the harness); *Lotridge v. Abril*, 3 So. 3d 84, 90 (La. App. 4th Cir. 2008) (finding no constructive knowledge of a corroded toilet flushing mechanism when plaintiffs failed to submit any evidence that the defendant knew, was warned, or had any reason to suspect a problem with the toilet before the incident).

    Theard analogizes this case to *Borel v. Chevron U.S.A., Inc.*, 2009 U.S. Dist. LEXIS 131050 (E.D. La. 2009), in which the plaintiff survived summary judgment. There, the plaintiff was injured after falling off a ladder leading up to a bunk bed. She argued that the ladder was unreasonably dangerous because it was

too wide, the rungs lacked non-stick coating, and there were no railings. *Id.*, at *15. Although he noted that plaintiff's case was "problematic," Judge Feldman nevertheless denied summary judgment, citing outstanding issues of material fact. *Id.*, at *16. In that case, however, whether the defendant knew or should have known of the alleged defect was never discussed by the Court; indeed, it was never listed as an element of plaintiff's case. *See id.*, at *13 (requiring that plaintiff show only "that the defendant had custody of the thing causing the injury, that the thing contained a defect, that is, a condition creating an unreasonable risk of harm and that the defective condition caused plaintiff's injury") (internal quotation marks omitted). Here, however, defendant has moved for summary judgment based, in part, on plaintiff's failure to demonstrate that defendant had actual or constructive knowledge of an alleged defect - an element of plaintiff's claim. Because plaintiff has failed to set forth a genuine issue of fact on this issue, defendant is entitled to summary judgment under Article 2317.1.

C.   **Negligence Under Article 2315**

Plaintiff also asserts claims under Louisiana's general negligence statute, La. C.C. art. 2315. Louisiana courts conduct a duty-risk analysis to determine whether to impose liability under Article 2315. *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.

2d 627, 632-633 (La. 2006). Liability requires satisfaction of five elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). *Id.* at 633.

The parties agree that Ankor owed Theard a duty of care; they disagree whether Ankor breached that duty. Although breach is a question of fact, *see Monson v. Travelers Prop. & Cas. Ins. Co.,* 955 So. 2d 758, 761 (La. App. 5th Cir. 2007) (citing *Mundy v. Dept. of Health and Human Res.*, 620 So. 2d 811 (La. 1993)), plaintiff's only evidence that Ankor indeed breached its duty is the testimony of Ankor's field foreman and its safety manager indicating that the Cal Gym was not anchored at the time of Theard's accident.[12] Absent from the record, however, is any indication that the Cal Gym *should have* been anchored. Ankor's industry expert found no evidence that the machine was designed to be secured to the floor, nor did plaintiff offer any such

---

[12]    R. Doc. 29-1; 29-2.

evidence.[13] Further, there was evidence that the equipment was in regular use for a substantial period of time without any previous incidents of tipping over. Finally, Ankor's expert testified that the Cal Gym's weight stacks alone totaled 730 pounds, and that the machine weighed at least 900-1000 pounds in total.[14] The expert opined that under normal use, the machine would not tip over.[15] Plaintiff's bald assertion that it was "reasonably foreseeable that gym equipment that is not anchored down could fall over when someone pulls down on it"[16] simply is not supported by the evidence. Summary judgment is appropriate.

IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment.

New Orleans, Louisiana, this 23rd day of April, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] See Part B, supra.

[14] R. Doc. 24-8 at 4.

[15] Id.

[16] R. Doc. 29 at 12.

12